# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

LAURA KNOX, on behalf of her
child, R.K., a minor,

      CASE NO.

       *Plaintiffs,*

      **JURY TRIAL DEMANDED**

 v.

MADISON COUNTY PUBLIC
SCHOOLS, by and through its Board
of Education; DANIEL METCALF,
and BETH SUTHERLAND;

      *Defendants.*

---

## COMPLAINT

### INTRODUCTION

This is an action arising from the sexual exploitation of a minor and failure to take action and protect by faculty and staff at Mars Hill Elementary School in Mars Hill, North Carolina. Plaintiff is seeking damages for Defendant's Title IX violation, violation of due process and protected rights under the Fourteenth Amendment.

### PARTIES

1.     R.K. is a resident of the State of North Carolina and at all times material to this litigation has been, and is presently, a minor child.

2. The Complaint is filed by and through his mother, Laura Knox ("Plaintiff"), on behalf of her minor son R.K.

3. Defendant Madison County Public Schools ("MCPS") is a public school district receiving federal funds in Madison County, North Carolina.

4. Mars Hill Elementary School ("Mars Hill") is a public elementary school within the MCPS district.

5. Defendant Daniel Metcalf ("Metcalf") was employed as the principal at Mars Hill Elementary School by Madison County Public School District at all times relevant to this litigation.

6. Defendant Beth Sutherland ("Sutherland") was employed as a teacher at Mars Hill Elementary School by Madison County Public School District at all times relevant to this litigation.

## JURISDICTION & VENUE

7. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

8. This court has supplemental jurisdiction over Plaintiff's state law claims because those claims form part of the same case or controversy as Plaintiff's federal claims.

9. Defendant MCPS conducts business within the State of North Carolina.

10. All Individual Defendants employed by MCPS, because they were employees of MCPS, are relevant herein and personally violated certain rights and policies, the effects of which were felt in the State of North Carolina.

11. Venue in this action is properly in the Western District of North Carolina because the events relevant to this action occurred primarily within the geographical confines of the Western District of North Carolina.

## FACTUAL ALLEGATIONS

12. At all times relevant to this litigation, R.K. was a student at Mars Hill.

13. In Fall 2016, R.K.'s kindergarten school year, another student, H.M. began sexually assaulting R.K. in the bathroom of Mars Hill Elementary School.

14. The sexual assaults occurred repeatedly over a period of years.

15. During the 2017-2018 school year, when R.K. was in first grade, R.K. reported to his teacher, Defendant Beth Sutherland, that H.M. was bothering people in the bathroom.

16. Defendant Sutherland failed to report R.K.'s disclosure to Plaintiff or to school administration.

17. Defendant Sutherland failed to investigate R.K.'s report or take any action to protect R.K. or other students.

18. Throughout the 2018-2019 school year, when R.K. was in second grade, the sexual assaults by H.M. continued.

19. The sexual assaults occurred frequently during group bathroom breaks when students were sent to the bathroom together.

20. H.M. would also follow R.K. to the bathroom when R.K. asked to use the restroom during class time.

21. In January 2020, R.K. began telling Plaintiff that he was having graphic nightmares, including dreams that his penis was being bitten.

22. R.K. then disclosed to Plaintiff that the nightmares were real and that H.M. had been doing "bad things" to him in the bathroom for years.

23. Plaintiff immediately reported the sexual assaults to Defendant Daniel Metcalf, the Principal of Mars Hill Elementary School.

24. Defendant Metcalf responded by stating, "He was not the only one," indicating that Metcalf had knowledge that H.M. had sexually assaulted other students.

25. Defendant Metcalf told Plaintiff that an investigation would be conducted.

26. Defendant Metcalf told Plaintiff that a stricter bathroom supervision policy would be implemented.

27. Despite these promises, Defendant Metcalf failed to report the sexual assaults to law enforcement.

4

28. Despite these promises, Defendant Metcalf failed to report the sexual assaults to the Department of Social Services.

29. Defendant Metcalf was a mandatory reporter under N.C. Gen. Stat. § 7B-301 and N.C. Gen. Stat. § 115C-400.

30. Defendant Sutherland was a mandatory reporter under N.C. Gen. Stat. § 7B-301 and N.C. Gen. Stat. § 115C-400.

31. Madison County Public Schools failed to initiate a mandatory Title IX investigation into the sexual harassment and assault of R.K.

32. Madison County Public Schools failed to separate H.M. and R.K. after receiving notice of the sexual assaults.

33. Madison County Public Schools failed to implement the promised stricter bathroom supervision policy.

34. Upon information and belief, Defendants had actual knowledge of prior sexual assaults committed by H.M. against other students at Mars Hill Elementary School.

35. Upon information and belief, Defendants failed to take action to protect students from H.M. despite knowledge of his prior assaults.

36. As a result of Defendants' failures, H.M. continued to have unfiltered access to R.K. and other students.

37. R.K. was required to see H.M. on campus daily, both before and after Plaintiff reported the assaults to Defendant Metcalf.

38. As a result of the sexual assaults and Defendants' failures to protect him, R.K. developed severe emotional trauma.

39. R.K. developed Post-Traumatic Stress Disorder.

40. R.K. developed anxiety and depression.

41. R.K. has been prescribed multiple medications to treat his anxiety, depression, and Post-Traumatic Stress Disorder.

42. R.K. has attended extensive therapy to address the trauma from the sexual assaults.

43. R.K.'s academic performance has suffered as a result of the sexual assaults and resulting trauma.

44. In April 2021, R.K. was granted special bathroom privileges under a Section 504 Plan due to the Post-Traumatic Stress Disorder he developed as a result of the sexual assaults.

45. R.K. continues to suffer severe emotional distress, trauma, and other injuries as a result of the sexual assaults and Defendants' failures to protect him.

46. At all times relevant to this action, Defendants Metcalf and Sutherland were acting under color of state law as employees of Madison County Public Schools.

47. At all times relevant to this action, Defendants Metcalf and Sutherland were acting within the scope of their employment with Madison County Public Schools.

**<u>Respondeat Superior and Agency</u>**

48. Under Federal and North Carolina law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

49. At all times relevant to this action, all named individuals were employed by MCPS. Some of their acts and omissions relevant to this litigation were undertaken within the scope of their employment with MCPS.

50. At the time of this Complaint, only the named individuals themselves are aware of the exact role that each named individuals played in the events that are subject of the lawsuit. For this reason, only the named individuals know at which times each individual acted in a manner that exceeded the scope of their duties in their official capacities and at which each individual acted in a manner that was within the scope of their duties in their official capacities.

**CAUSES OF ACTION**

**FIRST COUNT – VIOLATION OF TITLE IX OF THE EDUCATION ACT AMENDMENTS OF 1972**
**(Against MCPS only)**

7

51. Plaintiff repeats and realleges the allegations set forth above and fully set out herein.

52. Title IX of the Education Act Amendments of 1972 (20 U.S.C. § 1681) prohibits discrimination based on sex in educational institutions receiving federal funding. At all times relevant to this action, MCPS was a public school receiving federal financial funding.

53. At all times relevant to this action, MCPS was a public school receiving federal funding.

54. 34 CFR§106.44 provides that such institutions must respond affirmatively when a school official with the ability to take corrective measures receives actual knowledge that a student may have been discriminated against on the basis of sex.

55. Defendant Mars Hill failed to do a Title IX investigation as is required by federal law.

56. The sexual harassment that R.K. endured at the hands of the offending student deeply traumatized R.K.

57. The trauma that R.K. experienced was further compounded by the fact that R.K. was required to see his assailant on the Mars Hill campus day in and day out, before and after having reported the assaults.

8

58.     The sexual harassment that R.K. endured had such a negative effect on R.K.'s mental state that it effectively deprived R.K. of the educational benefits provided by Mars Hill.

59.     The trauma that R.K. experienced rendered him unable to enjoy the full benefits of his education.

60.     Defendant Mars Hill had actual knowledge of the ongoing sexual harassment of R.K.

61.     Multiple Mars Hill staff had actual knowledge of the ongoing sexual harassment of R.K.

62.     Defendant Mars Hill was required under federal laws to initiate a Title IX investigation.

63.     MCPS acted with deliberate indifference regarding the sexual harassment in the following ways:

    a. Failing to complete an investigation, being notified of H.M. harassing students in the bathroom;

    b. Failing to immediate contact the police following the notification of the sexual assaults;

    c. Failing to separate the assailant and the victim;

9

d. Failure to investigate and curtail prior sexual assaults of H.M. against students at Mars Hill resulting in H.M. having unhindered access to other victims, including but not limited to R.K.

64. The actions of Defendant Mars Hill in permitting and failing to timely curtail, prevent, or investigate the sexual harassment against R.K. and by allowing a hostile school environment constitutes a violation of Title IX.

65. Defendant Mars Hill had, and has, the ability to exercise substantial control over both the assailant and the environment in which the sexual harassment and assault occurred.

66. The offending student's sexual harassment and assault were severe, pervasive, and objectively offensive.

67. Defendant Mars Hill willfully avoided their obligations under Title IX.

68. Defendant Mars Hill was legally required under Title IX to conduct a full and thorough investigation into the sexual harassment suffered by R.K.

69. As a result, R.K. was barred access to an equal opportunity to his education.

70. The emotional and physical harm that R.K. has suffered, and will continue to suffer, was caused directly and proximately by Defendants' unlawful conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for compensatory damages in amounts to be determined at trial and as are allowed under the statute;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## SECOND COUNT – VIOLATION OF DUE PROCESS UNDER 42 U.S.C. §1983
### (Against All Defendants)

71.     Plaintiff repeats and realleges the allegations set forth above and fully set out herein.

72.     42 U.S.C. §1983 prohibits the deprivation of constitutional rights or rights secured by the laws of the United States by persons acting under the color of state law.

73.     The Fourteenth Amendment of the U.S. Constitution provides in pertinent part, that "no person shall be deprived of life, liberty, or property without the due process of law," which includes "state-occasioned damage to a person's bodily integrity."

74. Public school officials who fail to take adequate precautions may amount to "deliberate indifference to the constitutional rights of students." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

75. As such, Defendants violated R.K.'s right to bodily integrity by failing to take adequate precautions, which amounted to deliberate indifference to his constitutional rights as a student.

76. Defendants were acting under the color of law.

77. Defendants, as people working with children on a daily basis, were aware that R.K. was entitled to a liberty interest in bodily integrity.

78. Plaintiff suffered bodily harm, including sexual assault and mental anguish.

79. As a direct and proximate result of Defendants' actions, R.K. suffered bodily harm.

80. Defendant MCPS, as a public school district, is vicariously responsible for the actions of employees acting within the scope of their employment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

## THIRD COUNT – STATE CREATED DANGER

## UNDER 42 U.S.C. §1983

81.     Plaintiff repeats and realleges the allegations set forth above and fully set out herein.

82.     42 U.S.C. §1983 prohibits the deprivation of constitutional rights or rights secured by the laws of the United States by persons acting under the color of state law.

83.     The Eleventh Circuit interprets the state-created danger doctrine to sexual assault claims by requiring plaintiffs to demonstrate that state actors affirmatively created or increased the risk of harm through their actions. *Turner v. Thomas*, 930 F.3d 640.

84.     The Defendants know that H.M. was a threat to other students constitutionally held rights as a result of his prior actions which Defendants failed to step in and stop.

85.     Instead, Defendants gave H.M. unfiltered access to other student victims, including but not limited to R.K.

86. Defendants placed R.K. at a high risk of danger by continuing to allow H.M. direct access to R.K. while at school.

87. Defendants knew or should have known of the risk, as they had knowledge of H.K.'s actions prior to Plaintiff learning of the sexual assault and reporting to the MCPS administration.

88. As a direct and proximate result of Defendants' actions, R.K. suffered bodily harm.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(c) Grant such other and further relief as justice requires.

## FOURTH COUNT – NEGLIGENCE

### UNDER 42 U.S.C. §1983

### (Against All Defendants)

89. Plaintiff repeats and realleges the allegations set forth above and fully set out herein.

90. Defendants owed a duty of care to R.K.

91. As a public school district, Madison County Public Schools had a duty to provide a safe educational environment for its students.

92. As school employees, Defendants Metcalf and Sutherland had a duty to supervise and protect students in their care.

93. As mandatory reporters, Defendants Metcalf and Sutherland had a statutory duty to report suspected child abuse.

94. R.K. was a student at Mars Hill Elementary School and was in Defendants' custody and care during school hours.

95. Defendants breached their duty of care to R.K.

96. Defendants failed to adequately supervise students in school bathrooms.

97. Defendants failed to investigate R.K.'s report that H.M. was bothering people in the bathroom.

98. Defendants failed to report the sexual assaults to law enforcement or the Department of Social Services as required by law.

99. Defendants failed to conduct a proper investigation after receiving notice of the sexual assaults.

100. Defendants failed to separate H.M. and R.K. after receiving notice of the sexual assaults.

101. Defendants failed to implement adequate protective measures to prevent further assaults.

102. Defendants failed to notify Plaintiff of R.K.'s initial report to Defendant Sutherland.

103. Upon information and belief, Defendants failed to investigate or take action regarding prior sexual assaults by H.M. against other students.

104. Defendants' breach of duty was the proximate cause of R.K.'s injuries.

105. As a direct and foreseeable result of Defendants' failures to protect R.K., H.M. continued to sexually assault R.K. over multiple years.

106. Had Defendants properly investigated R.K.'s initial report, reported the assaults to authorities, separated H.M. and R.K., or implemented adequate supervision, the continued assaults would have been prevented.

107. R.K. suffered damages as a result of Defendants' breach of duty.

108. R.K. suffered severe physical and psychological harm, including Post-Traumatic Stress Disorder, anxiety, and depression.

109. R.K. has required extensive therapy and multiple medications to address his trauma.

110. R.K.'s academic performance has suffered.

111. R.K. requires special accommodations under a Section 504 Plan.

112. R.K. continues to suffer emotional distress and trauma.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(c)     Grant such other and further relief as justice requires.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated: April 24, 2026

                                    Respectfully submitted,

                                    /s/ Amie Baek
                                    Amie Baek, Esq.
                                    THE LAW OFFICE OF KEITH ALTMAN
                                    30474 Fox Club Drive
                                    Farmington Hills, Michigan 48331
                                    Telephone: (248) 987-8929
                                    amie.baek@kaltmanlaw.com

                                    *Attorney for Plaintiff*